HARDY, Judge.
This is an appeal by Larris D. Cason, an employee of the Department of Highways, from a judgment in favor of plaintiff, Charles E. Dickson. This case has heretofore been considered by us on ' an appeal prosecuted on behalf of Mrs. Estella Fonville Peters, David Frazier and Zurich General Accident & Liability Insurance Company, Ltd., against whom judgment in favor of plaintiff was rendered, and in which judgment this defendant-appellant was cast in solido; Dickson v. Peters, 87 So.2d 187, 194. In the cited case the judgment against appellants was affirmed, rehearing was refused and writs were denied by the Supreme Court. In our opinion we noted the fact that orders of appeal had been entered, but not perfected, by the defendant, Cason. It now appears that new orders of devolutive appeal were granted this defendant on June 26, 1956; the appeal was perfected, and it has now been submitted for adjudication.
The involved facts are set forth in detail in our opinion in the case of Dickson v. Peters, supra, and we forebear the repetition thereof except insofar as may be necessary; for an understanding of the issue here presented.
Defendant, Cason, was the driver of a truck of the Highway Department, by which he was employed, and in which plaintiff, Dickson, was a'passenger. The truck was involved in an automobile accident on State Highway No. 20 in Natchitoches Parish on June 8, 1954, as the result of which plaintiff was seriously injured. A Cadillac automobile owned by Mrs. Estella Fonville Peters, driven by her colored chauffeur, David Frazier, and insured by Zurich General Accident & Liability Insurance Company, Ltd., was the other vehicle concerned. In our opinion on the first appeal we found Frazier, the driver of the Cadillac, to have been guilty of negligence which was a proximate cause of the accident. In connection with the issue of Frazier’s negligence, which was the principal concern on the first appeal in this case, the court also gave careful consideration to the question of the negligence, vel non, of Cason, the driver of the Highway Department'truck. While this latter proposition was not a primary issue, in view of the fact that Cason at that time had not perfected an appeal and therefore was not before the court,' it was, nonetheless, a relevant and material factor in the development of our conclusion as to the cause of the accident.' This issue was made more pointed and its importance was emphasized by the contention of the other defendants that Cason’s negligence was the sole, proximate cause of the accident.
We have culled from our former opinion those findings with reference to the question of Cason’s negligence which serve to dispose of the same question which is here specifically presented. These references we note as follows:
“The testimony leaves no reasonable doubt in our minds but that the Cadillac slowed down and stopped after it pulled back into its right-hand lane *546 in front of the approaching truck. Frazier, its driver, testified that a calf was ambling along in his lane of traffic and that he waited for it to clear his passage. This movement of the car, after just having passed the heavily loaded truck, created and presented to the driver of the truck an emergency solely of the making of the driver of the Cadillac, and at such time and within such a short distance in front of the approaching truck that Cason, its driver, scarcely had the time to suddenly and sharply maneuver the truck into the west line of traffic and avoid crashing .into the rear of the automobile. When the truck was thus maneuvered into the west traffic lane, the driver realized the nearness of the approach of the Lewis car, whereupon, to prevent a head-on collision, he proceeded further to the west, or to his left, until he reached the shoulder of the highway. Due to the unevenness of the terrain and the sloping of the shoulder, he endeavored to proceed under power so as to maintain control of the truck and to eventually bring it back onto the highway. Unfortunately, he was unable to do so. We attribute the distance traveled by the truck after passing the Cadillac, in a large measure, to the efforts thus expended instead of to the speed at which, defendant would have us believe, the truck had been traveling. A further conclusion is that it was only when Lewis saw the truck coming from behind the Cadillac and into his lane of traffic and took to his left in the lane of traffic of the Cadillac that the Cadillac was driven to the shoulder of the road. When Frazier began his passing movement upon the bridge and during that course of operation and saw, or should have seen, the cattle near the highway, and, it being problematical as to what they would do, he should have foreseen that the passing undertaken at that instant would have constituted a dangerous maneuver. That circumstance actually followed when he was impelled to stop in front of the truck he had just passed. There is no evidence in the record that Frazier gave any signal of his intention to slow down, stop or to turn off the highway, or that he took time to give such signal before stopping. Frazier’s operation of the Cadillac constituted gross negligence and a proximate cause of the accident.
“That it might be concluded in subsequently reviewing the situation that Cason could possibly have avoided the accident by pursuing another course, or taking other means, constitutes no defense under the facts and circumstances of this case. There is no certainty that the accident would have been thereby prevented. That is a matter of pure conjecture. However, when one in charge of the operation of a motor vehicle is confronted with a sudden emergency, not of his own creation, or one in which he took part or contributed to, he is not to be censored or condemned, if, in subsequently contemplating the situation, it could be said that he did not make the wisest choice of the alternatives available to him in his efforts to avoid the accident precipitated by the emergency. Marler v. State, La.App., 78 So.2d 26; Peltier v. Travelers Ins. Co., La.App., 49 So.2d 346; Home Ins. Co. v. Warren, La.App., 29 So.2d 551.
* * * * * *
“The evidence conclusively shows there was no occasion for Dickson to protest to, or warn, the driver, who was a trained and experienced operator, or to warn him of the presence of the cattle on the shoulder or the approach of an oncoming vehicle when their truck was proceeding at a reasonable rate of speed and no emergency had then been created or arisen. * * * The emergency was created *547 by the sudden passing of the truck by the Cadillac, which immediately was steered to its right-hand lane of traffic only a short distance ahead of the truck and in its lane of traffic, and suddenly slowed .or stopped, without the giving of any notice or warning, making it impossible for the truck to stop in its lane of traffic before striking the forward car. That occurrence was so sudden, so unexpected and so uncalled for as to prevent any reasonable person from anticipating such occurrence. The truck driver hardly had sufficient time to think, and on the spur of the moment suddenly swerved the truck to the left and passed the Cadillac in an attempt to avoid a collision.”
It is to be observed that implicit in our consideration of the facts and the findings responsive thereto was the exoneration of Cason from any negligence whatsoever. If Cason had been a party appellant on the occasion of our original consideration of this case, it is doubtful if we would have found it necessary to amplify our opinion in order to adequately sustain a conclusion as to his freedom from liability. Under our appreciation of the facts, Cason, an experienced truck driver, was confronted with an emergency which arose directly as the result of the negligent act of Frazier, driver of the Peters’ automobile, in bringing his car to a sudden stop a short distance in front of the truck trailer unit driven by Cason. The latter swung to the left; observed the approach of a car in the same highway lane, and pulled onto the sloping shoulder of the highway. In the effort to prevent overturning, Cason increased the speed of the truck, attempted to pull back upon the pavement, but lost control of the vehicle which overturned and caused plaintiff’s injuries. We find nothing in the evidence which serves to convict Cason of negligence with respect to these acts. At most he can be criticized only for an error of judgment.
It follows that, in .our opinion, the verdict-of the jury and the judgment in accordance therewith, insofar as it awarded judgment against the defendant, Larris D. Cason, was in error.
For these reasons the judgment appealed from, insofar as it awarded judgment in favor of plaintiff and against the defendant, Larris D. Cason, is reversed and set aside, and there is now judgment in favor of the said Larris D. Cason, rejecting plaintiff’s demands. Costs of this appeal are taxed against defendant.
GLADNEY, J., dissents.